IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    **vs.**                                               **CRIMINAL NO. <u>13-CR-30025-DRH</u>**

**FREDERICK BATHON,**

    **Defendant.**

<u>**ORDER**</u>

    Pending before the Court is the government's motion for order regarding restitution (Doc. 13).  Specifically, the government moves the Court to determine that it is impracticable to perform a complete accounting of the losses to each individual victim given the complex issues of fact related to the large number of victims; to find that the government has exercised its "best efforts" to accord crime victims their right of restitution and to find that no additional resources need be expended in determining the exact amount of restitution owed to each of several thousands of victims in the case.   Based on the following, the Court denies without prejudice the government's motion.

The government argues that the United States Probation office must prepare the accounting of loss pursuant to 18 U.S.C. §3664 and place it in a presentence investigation report.  This is only partially correct.  The probation officer must prepare a presentence investigation report with the loss information only after the loss information has been provided by the government and the victims have been given an opportunity to comment thereon.

The government has stated that the calculation of loss is impracticable due to the number of transactions without being specific.  While it is true that something like an estimated ten thousand transactions may prove an impracticable task, one which the restitution act does not contemplate the government would be required to undertake as a cost benefit analysis would suggest the cost would outweigh the benefit particularly if the ultimate prospect for remuneration is negligible.  However, the government has not provided the Court with any information regarding what the status of the records is, nor what it would take to determine the information required.  The Court, quite simply, is left to speculate.  That is, except for one glaring public pronouncement.

The current officeholder, Kurt Prenzler, has publicly stated that he believes the loss to be four million dollars but states that he does not **yet** have specific figures, from which the Court infers that he is examining the records to determine the facts behind the loss at bar. (*See*, http://www.stltoday.com/news/local/crime-and-courts/tax-sale-scheme-cost-madison-county-property-owners-millions/article_9d90c1d7-d33a-5ec2-ac7f-13406cd79514.html)   The government's motion does not state that Mr. Prenzler was consulted to see if he has that information available nor apparently has Mr.

Prenzler come forward to assist the government. Perhaps, Mr. Prenzler is just puffing but he might be serious, so Mr. Prenzler should first be consulted after which the government could inform the Court of the result in an amended motion, if it cares to, and at that time the Court will be able to fully consider the government's position and whether it has exercised its best efforts.

Accordingly, the Court DENIES without prejudice the government's motion for order regarding restitution (Doc. 13).

**SO ORDERED:**

Dated this 1st day of March, 2013.

Digitally signed by David R. Herndon
Date: 2013.03.01 16:05:01 -06'00'

**Chief Judge**
**United States District Court**